IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**MARK ANTHONY FOUNTAIN,**                                                  **PLAINTIFF**
**# K8577**

v.                                                 CIVIL ACTION NO. 1:17cv60-HSO-JCG

**JUDGE HARCKE**                                                            **DEFENDANT**

### ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court *sua sponte*. Pro se Plaintiff Mark Anthony Fountain is incarcerated with the Mississippi Department of Corrections. Fountain initiated this action on March 8, 2017.

On April 26, 2017, the Court ordered Fountain to respond to certain inquiries regarding the Complaint by May 10, 2017. Order Den. Counsel & Requiring Pl. to Respond [9] at 2-3. Having received no response, on May 24, 2017, the Court entered an Order to Show Cause [10], directing Fountain to show cause by June 7, 2017, why the case should not be dismissed for failure to obey the Order Denying Counsel and Requiring Plaintiff to Respond [9]. 1st Order to Show Cause [10] at 1. When Fountain did not comply, the Court entered a Second Order to Show Cause [11], giving him one last opportunity to show cause. Fountain was given until July 5, 2017, to respond. 2d Order to Show Cause [11] at 1-2.

The Orders were mailed to Fountain's address of record and were not returned as undeliverable. To date Fountain has not responded or otherwise communicated with the Court. The Court warned Fountain that failure to comply may lead to the dismissal of his Complaint. 2d Order to Show Cause [11] at 1-2;

1st Order to Show Cause [10] at 1; Order Den. Counsel & Requiring Pl. to Respond [9] at 3; Order Setting Payment Schedule [8] at 2; Order [4] at 1-2.  It is apparent from Fountain's failure to prosecute and comply with the Court's Orders that he lacks interest in pursuing this case.

The Court has the authority to dismiss an action for a plaintiff's failure to prosecute or to obey a Court order, under Rule 41(b) of the Federal Rules of Civil Procedure and under the Court's inherent authority to dismiss the action *sua sponte*.  *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court.  *Id.* at 629-30.  Since Defendant has not been called upon to answer the Complaint or appear in this action, and since the Court has not considered the merits of the claims, the case will be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated above, this case is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and obey the Orders of the Court.  A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 19th day of July, 2017.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE